```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J & J SPORTS PRODUCTIONS, INC.,      :
                                     :
               Plaintiff,            :    CIVIL ACTION
                                     :
     v.                              :    No. 08-cv-5225
                                     :
KIM D. MOODY and                     :
NIGHT WINDS LOUNGE, INC.,            :
                                     :
               Defendants.           :
```

**MEMORANDUM and ORDER**

**Joyner, J.**                                                **May 28, 2009**

Before the Court is Plaintiff's Motion for Default Judgment (Doc. No. 7). Plaintiff filed its Complaint in this matter on November 3, 2008 (Doc. No. 1), and defendants were served on January 9, 2009. Defendants did not answer or otherwise respond to plaintiff's Complaint and, upon the plaintiff's request, default was entered by the Clerk of Courts on February 18, 2009.

Background

Plaintiff, J & J Sports Productions, Inc., is an international distributor of sports and entertainment programming and purchased the domestic commercial exhibition rights to broadcast "*Pretty Risky:*" *The Floyd Mayweather v. Carlose Baldomir WMC Welterweight Championship Fight Program* ("the Program") on November 4, 2006. Plaintiff had sublicensing agreements with various commercial entities which granted these entities public exhibition rights for the Program. Plaintiff alleges that on November 4, 2006, investigator H. Leonard Green

1

observed an unlawful exhibition of the Program at Defendant's Night Winds Lounge.  Plaintiff contends that defendants could only have lawfully shown the Program if they had contracted with the plaintiff.  Thus, plaintiff argues that these violations were willful because defendants must have "undertaken specific wrongful actions to intercept and/or receive and broadcast the encrypted telecast."  Pl. Memo. 3. Based on this incident, plaintiff alleges three counts in its Complaint: (1) Violation of 47 U.S.C. § 605; (2) Violation of 47 U.S.C. § 553; and (3) the Tort of Conversion.  Plaintiff asks this Court to award enhanced statutory damages as to both statutes, citing the need to deter such behavior.  Specifically, plaintiff requests an award of $50,000.000 for violation of Section 605 and $50,000.000 for violation of Section 553, as well as $1,200.00 for the Tort of Conversion.

By virtue of the default, defendants have admitted the factual allegations of the Complaint, except those related to damages, and plaintiff now moves for a default judgment. However, this Court does not need to accept plaintiff's legal conclusions. <u>DirecTV, Inc. v. Decroce</u>, 332 F. Supp. 2d 715, 717 (D.N.J. 2004) (citing 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)).  Additionally, the Court will determine the damages based on the record before us. 10 A Federal Practice and Procedure § 2688 (3d ed. 2007).

<u>Discussion</u>

Plaintiff now asks this Court for enhanced statutory damages under *both* statutes; however, the Third Circuit has made it clear that a defendant can violate 47 U.S.C. § 605 *or* 47 U.S.C. § 553, but not both.[1]  TKR Cable Corp. v. Cable City Corp., 267 F.3d 196, 205-06 (3d Cir. 2001).  Plaintiff has been repeatedly chastised by other courts in this district for moving for judgment as to both statutes and for requesting enhanced statutory damages as to both statutes.  See  J&J Sports Prods. v. Mangano, No. 08-2068, slip op. at 1 (E.D. Pa Dec. 8, 2008) ("The cases on which plaintiff relies do not support the quantum of damages sought for violation of Title 47."); J & J Sports Prods. v. Roach, No. 07-5059, slip op. at 4 (E.D. Pa. July 8, 2008) (". . . plaintiff does not aver an distinction between the two statutes, seeks damages under both, does not bring the TKR case to the Court's attention, and at ever opportunity, conflates or confuses the damages available under the respective statues and how they are determined."); J&J Sports Prods. v. Gallegos, No. 08-201, 2008 U.S. Dist. LEXIS 61066, at *8-9 (D.N.J. Aug. 5, 2008) (awarding damages under either statute, but not both as plaintiff had requested); J&J Sports Prods. v. Munguti, No. 06-1282, 2007 U.S. Dist. LEXIS 22096, at *2 (D.N.J. Mar. 26, 2007) ("Plaintiff's requests for relief under sections 553 and 605 and for enhanced statutory damages against Defendants are

---

[1] 47 U.S.C. § 605 prohibits intercepting and transmitting encrypted satellite cable programming and 47 U.S.C. § 553 prohibits intercepting or receiving unauthorized cable communications.

3

inconsistent with legal authority and disingenuous."); J&J Sports Prods. v. Perdomo, No. 06-1374, 2007 U.S. Dist. LEXIS 21137, 2007 WL 923522, at *2 (D.N.J. Mar. 26, 2007) (same);  J&J Sports Prods. v. Hometown Tavern, Inc., No. 07-5060, 2009 U.S. Dist. LEXIS 26471, 2009 WL 839110, at *2 (E.D. Pa. Mar. 30, 2009) (" . . . plaintiff and California counsel have repeatedly been criticized for seeking excessive damages to which they were not entitled.  Such ruling and warnings seem to have fallen on deaf ears.").  This Court now joins in the chorus.  Incredibly, after having been cautioned in the past, plaintiff again fails to bring the TKR case to this Court's attention and, in fact, does not cite to a single case from this Circuit in its Memorandum.[2]  Thus, we will follow the courts in Gallegos, Roach, Munguti, and Perdemo, and award damages under either statute for a single amount because we cannot determine which statute applies based on plaintiff's Complaint or supporting documents.[3]

47 U.S.C. § 605 authorizes damages of $1,000.00 to $10,000, and up to $100,000.00 if the violation was "committed willfully and for purposes of direct or indirect commercial advantage or

---

[2] Plaintiff's Memorandum stated, " . . . it is not unheard of for courts in this circuit to award damages pursuant to both statutes.  See Spencer promotions, Inc. v. 5th Quarter Enterprises, Inc., 1996 U.S. Dist. LEXIS 8686 (N.D. Cal. 1996)."  As this Court and this case are in the Third Circuit, and the Third Circuit has clearly ruled the opposite, plaintiff has again attempt to mislead the Court.

[3] As in Mugunti, it is unclear what the method of transmission was or how defendant intercepted the signal.  This information may not be available to the plaintiff and may be information that could only be revealed by the defendant.  Munguti, 2007 U.S. Dist. LEXIS 22096, at *5-6.  Being unable to determine which applies, we will award damages under either.  Id.

4

private financial gain." 47 U.S.C. § 605(e)(3)(C)(i)(II), (e)(3)(C)(ii).  47 U.S.C. § 553 authorizes an award of damages of $250.00 to $10,000.00 and up to $50,000.00 if the defendant violated the statue for the purposes of "commercial advantage or private financial gain."  47 U.S.C. § 553(c)(3)(A)(ii), (c)(3)(B).  In determining whether the statute was violated for commercial advantage or private gain, courts have taken into consideration whether there was any cover charge, any advertisement for the program, any premium charged on drinks or food, and/or whether the business made any more money or did any more business because of the illegal showing of the Program. Roach, No. 07-5059, slip op. at 5; Munguti, 2007 U.S. Dist. LEXIS 22096, at *10-11; Podermo, 2007 U.S. Dist. LEXIS 21137, at *10. Mr. Green's affidavit reports that there was no cover charge, no advertising, and that one small television which he could not hear was displaying the Program.  Decl. of Affiant.  There is no allegation that a premium was being charged for food or drink and there were a total of two (2) persons in the establishment.[4]  Id. As none of the factors that would indicate a commercial or private gain were present in this case, plaintiff argues instead that we should disregard the indicators used by courts and find a greatly enhanced award is due for a per se violation of the statute in the name of deterrence.  We decline to do so.

---

[4] It should be noted that it appears that one (1) of these two (2) persons was the employee, "barmaid," that Mr. Green describes on page 3 of his Affidavit.

5

Based on the evidence presented and the Complaint, we find that $1,200.00 is the proper amount of statutory damages under either § 605 or § 553, as the rate for purchase of the Program would have been $1,200.00.[5] We will also award $800.00 as an authorized statutory enhancement of the award based on the plaintiff's allegations of defendant's willful interception, an interest in deterrence of his conduct, and the relatively modest amount that defendant could have paid for the rights to show the Program. Mugunti, 2007 U.S. Dist. LEXIS, at *11.

As to plaintiff's claim for conversion, we find that these damage are not appropriate given the statutory damages awarded under Title 47. Mangano, No. 08-2068, slip op. at 2 (citing Comcast Cablevision v. Roselli, No. 96-2936, 1997 U.S. Dist. LEXIS 782, 1997 WL 36957 (E.D. Pa. Jan. 30, 1997)).

In reference to a potential request for attorney's fees,[6] plaintiff has not specified an amount of fees and costs or provided any supporting affidavits to this effect. Further, we find that, plaintiff's Memorandum of Law and counsel's affidavit were "at best unhelpful and at worst misleading." Roach, No. 07-5059, slip op. at 7. In light of counsel's misconduct, we decline to award attorneys fees for the Memorandum or the

---

[5] An affidavit in support of the motion from Joseph M. Gagliardi, President of J & J Sports Productions, notes in Exhibit 1 that the rate for purchase of the Program would have been $1,200.00.

[6] The "Notice of Application and Application for Default Judgment by the Court" appears to ask for counsel fees and costs; however, fees and costs are not mentioned in the Memorandum, counsel's Affidavit or the Proposed Order submitted to the Court.

6

Affidavit presented to this Court.  See <u>Hometown</u>, 2009 U.S. Dist. LEXIS 26471, at *2 ("I decline to award counsel fees, in view of counsel's misconduct"); <u>Mugunti</u>, 2007 U.S. Dist. LEXIS 22096, at *13 ("The Court also refuses to enter a judgment in favor of Plaintiff for attorney's fees and costs considering the conduct of Plaintiff and its attorney).  Thus, no attorney's fees are awarded in this matter.

A total award of $2,000.00 in enhanced statutory damages is therefore appropriate in this case.  An Order entering judgment follows.